IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PELLE PELLE, INC.,
 a Michigan corporation,

                    Plaintiff,

                                                    Civil Action No. 10-11532

v.
                                                    Honorable Lawrence P. Zatkoff

BILLIONAIRE MAFIA, LLC
a Nevada limited liability company,

                    Defendant.

_____/

Jeffrey P. Thennisch (P51499)
Abby C. Moskovitz (P65899)
Attorneys for Plaintiff
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI 48342
Tel:  (248) 292-2920
Fax:  (248) 292-2910

Brian D. O'Keefe (P39603)
Daniel J. McCarthy (P59457)
Attorneys for Plaintiff
Hyman Lippitt PC
322 N. Old Woodward Avenue
Birmingham, MI
(Ph) 248-646-8292
(Fax) 248-646-8375

Robert C. Brandenburg (P28660)
Robert CJ Tuttle (P25222)
Attorneys for Defendants
Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI  48075-1238
Tel:  (248) 358-4400
Fax:  (248) 358-3351

**PLAINTIFF'S MOTION AND BRIEF FOR LEAVE TO TAKE
IMMEDIATE AND EXPEDITED DISCOVERY ON THE LIMITED ISSUES
OF PERSONAL JURISDICTION OVER DEFENDANT**

In accordance with Fed.R.Civ.P. 26 and Fed.R.Civ.P. 45, Plaintiff, Pelle Pelle, Inc. (hereinafter "PP"), by and through its undersigned counsel, hereby applies for an Order permitting it to take immediate and expedited discovery on the limited issue of whether this Court has personal jurisdiction over the Defendant.

In support thereof, PP states as follows:

1. Defendant Billionaire Mafia (hereinafter "BM") has alleged in its Motion to Dismiss (D/E 7) that PP's Complaint should be dismissed for lack of personal jurisdiction.

2. By this motion, PP seeks leave of the Court to serve limited, immediate discovery on BM and third parties regarding BM's activities in the State of Michigan so that PP can respond to BM's Motion.

3. Good cause exists to allow PP to conduct this limited discovery to address BM's Motion to Dismiss, especially where BM has submitted a declaration containing allegations regarding issues pertinent to personal jurisdiction.

As more fully set forth in the accompanying brief in support of this motion, Plaintiff requests the ability to take expedited and limited discovery on the issue of personal jurisdiction and contacts with the State of Michigan from: (i) the Defendant itself, (ii) the Mr. Alan's chain of retail stores in the State of Michigan; and (iii) the Michigan-based third party retailers that are listed and recited on the Defendant's own website.

## Certification Under E.D. Mich. LR. 7.1

Plaintiff's undersigned counsel contacted Defendant's counsel requesting concurrence for the present motion within the meaning of E.D. Mich. LR 7.1, but concurrence was denied.

**TABLE OF CONTENTS**

**Brief in Support of Motion For Leave To Take Expedited And Immediate Discovery** ..........5

   I.  Background ....................................................................................................5

   II.  Legal Argument ...........................................................................................7

   III.  Specific Discovery Requested by Plaintiff .........................................................9

   IV.  Conclusion ...............................................................................................10

TABLE OF AUTHORITIES

**Cases**

*Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL
    22519440, at *4 (E.D. Pa. Oct. 2, 2003) ................................................................. 7
*Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005) .................................... 7
*Serras v. First Tenn. Bank Nat'l Ass'n.*, 875 F.2d 1212, 1214(6th Cir. 1989) ................ 7
*Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989) ........ 7
*Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)..... 7
*Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)................. 8
*UMG Recordings, Inc.*, 2006 U.S. Dist. LEXIS 32821 (N.D. Cal. Mar. 6, 2000) ........ 7
*Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001)....... 8

**Statutes**

Lanham Act, 15 U.S.C. §1125(a) ..................................................................... 5
MCL 600.705 ............................................................................................... 5,7
MCLA 445.903 ............................................................................................. 5

**Rules**

Fed.R.Civ.P. 12(b)(2) ................................................................................... 7
Rule 26(f) ................................................................................................. 2,6,7
Fed.R.Civ.P.45 ............................................................................................ 2
E.D. Mich. LR 7.1 ...................................................................................... 2

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO
## TAKE EXPEDITED AND IMMEDIATE DISCOVERY

### I. Background:

On April 15, 2010, Plaintiff filed its Complaint against Defendant (D/E 1), claiming among other things, violation of the Lanham Act, 15 U.S.C. §1125(a), unjust enrichment, common law trademark infringement and unfair competition, and unfair trade practices under MCLA 445.903. On May 4, 2010, the Court dismissed Plaintiff's state law claims, and retained jurisdiction over only Plaintiff's Lanham Act claim. (D/E 4). On May 26, 2010, Defendant filed its Motion to Dismiss arguing that it lacks sufficient contacts in Michigan to support the exercise of personal jurisdiction by this Court. (D/E 7). In support of Defendant's motion, Defendant submitted the declaration of Svetlana Fuchs, the alleged owner and managing member of Defendant ("Fuchs Decl.") (D/E 7-1). Among other allegations, Fuchs states that Defendant is not registered to do business in Michigan, does not own property in Michigan, does not operate any business in Michigan, has not yet shipped any goods to retailers in Michigan, and none of its agents have ever visited Michigan. (Fuchs Decl., ¶¶4-6.).

However, the Fuchs Declaration is entirely silent on the more relevant and germane issue of whether the Defendant is actually amenable to personal jurisdiction under the Michigan long-arm statute. Specifically, MCL 600.705 provides the following in part:

600.705 Limited personal jurisdiction over individuals.

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

> (1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

...

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

At best, the Fuchs Declaration asserts that the Defendant may not have "yet" shipped goods into the State of Michigan, but it provides the Court with absolutely no guidance about whether the Defendant has transacted business in Michigan or has entered into any contracts for materials to be furnished in the state by the Defendant. Id.

For purposes of the present motion for expedited discovery, Plaintiff relies upon the accompanying Declaration of Alan Bishop, President of the Mr. Alan's chain of retail stores – which are located in the State of Michigan – wherein Mr. Bishop explicitly states as follows: "Billionaire Mafia, LLC has solicited and offered that my store carry and sell its products, including apparel that bears the BM Mark . . .". As set forth at Exhibit A hereto, the Mr. Alan's retail chain clearly has store locations in Michigan, including the cities of Dearborn, Eastpointe, Flint, Hamtramck, Pontiac, Redford, Southfield, and Troy, Michigan. Accordingly, good cause exists to allow the requested expedited discovery on at least the Mr. Alan's chain of stores in Michigan since it would provide relevant information as to both: (i) the Defendant's business contacts for purposes of general personal jurisdiction; and (ii) the Defendant's solicitation and offering of apparel bearing the relevant BM Mark for purposes of specific personal jurisdiction.

In this regard, the Fuchs Declaration artfully (and questionably) fails to provide the Court with full disclosure of the Defendant's actual and current contacts with entities (like Mr. Alan's) that are clearly located in the State of Michigan thereby creating the need for the requested discovery. This is the essence of MCL 600.705 and the analysis.

## II. Legal Argument

In ruling on such a threshold motion under Fed.R.Civ.P. 12(b)(2), a district court has the discretion to adopt any of the following courses of action: (1) determine the motions based on affidavits alone; (2) permit discovery, which would aid in resolution of the motion;[1] or (3) conduct an evidentiary hearing on the merits of the motion. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005); *Serras v. First Tenn. Bank Nat'l Ass'n.*, 875 F.2d 1212, 1214 (6th Cir. 1989); *see also Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989) ("A trial court, at its discretion, may rule on a Fed.R.Civ.P. 12(b)(2) motion on the basis of affidavits alone, or may choose to permit discovery in aid of the motion or conduct an evidentiary hearing on the merits of the motion").

Plaintiff requests this Court to exercise its discretion and allow limited discovery to assist the Court in considering the issue of personal jurisdiction over the Defendant. Courts generally allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. *See, e.g. UMG Recordings, Inc.*, 2006 U.S. Dist. LEXIS 32821 (N.D. Cal. Mar. 6, 2000); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a reasonable standard); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D.

---

[1] If this Court permits Plaintiff to take discovery regarding the issue of personal jurisdiction, Plaintiff's burden of proof remains prima facie. In *Dean v. Motel 6 Operating L.P.*, the Court stated:

> Ordinarily, the plaintiff must prove jurisdiction by a preponderance of the evidence. That standard does not apply in this case, however, because (although there was discovery) there was no evidentiary hearing on the jurisdiction question. The lack of such a hearing mandates a specific standard for weighing the evidence: When . . . a district court rules on a jurisdictional motion to dismiss . . . without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff . . . . To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction.

134 F.3d 1269, 1272 (6th Cir. 1998) (internal citations omitted).

Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here and permitting limited discovery on the issue of personal jurisdiction would aid the Court in deciding Defendant's Motion. In addition to the relevant information concerning the Mr. Alan's chain in Michigan set forth in the Bishop Declaration, prior to filing the Complaint in this case, the undersigned contacted several local retailers in Michigan to ask if they sold any BM merchandise. *See* Declaration of Jeffrey P. Thennisch ("Thennisch Decl."), ¶2. Michigan-based retailers, including at least two (2) located within this judicial district, said that they planned on receiving a shipment of BM merchandise in June 2010. *Id.* Once again, these other Michigan-based retailers – since they were listed as "retailers" on the Defendant's own website – are also likely to have relevant information on the issues of both specific personal jurisdiction and general personal jurisdiction.

Notably, the Fuchs Declaration does not refute these facts. Indeed, Fuchs states that Defendant "has not *yet* shipped any goods to any retailers in Michigan." Fuchs Decl., ¶5 (emphasis added). She does not say that Defendant does not intend to ship any goods to retailers in Michigan or that it has not entered into any agreements to do so. She also does not say that Defendant had not sold any goods to *customers* in Michigan.[2] In order for Plaintiff to properly respond to Defendant's Motion, Plaintiff needs to discover *all* the facts concerning Defendant's activities in Michigan, i.e. whether it has entered into agreements with Michigan retailers and/or sold merchandise directly to customers in Michigan. The Fuchs Declaration appears to intentionally omit several key facts that are relevant (and necessary) to the Defendant's Motion.

---

[2] Plaintiff notes that personal jurisdiction over the Defendant may exist solely by virtue of Defendant's interactive website through which customers in Michigan may order its merchandise directly from Defendant. *See, e.g. Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (adopting a "sliding scale" of interactivity to identify Internet activity that constitutes personal availment)).

At a minimum, such omissions include the solicitation and offer for sale of the relevant goods bearing the BM Mark to the Mr. Alan's chain of stores in Michigan. See Bishop Declaration. Therefore, Plaintiff submits that good cause exists to allow Plaintiff limited discovery in these matters to discover the full extent of Defendant's actions in this judicial district.

### III.   Specific Discovery Requested By The Plaintiff

In addition to allowing the Plaintiff to take limited discovery on the issue of the personal jurisdiction over the Defendant itself relating to its attendant contacts with individuals and entities   within the State of Michigan, the Plaintiff requests leave to take certain third party discovery over the following specific entities and retail locations in the State of Michigan which continue to be listed as sellers of the Defendant's products on the Billionaire Mafia website at www.billionairemafia.com as of June 7, 2010:

(a)  Designer Warehouse, having a location at 35028 W. Michigan Avenue in Wayne, Michigan  48184.  Telephone (734) 595-7445;

(b)  Man Alive, having a location at 4348 Baldwin Road in Auburn Hills, Michigan 48326.  Telephone (248) 745-1947;

(c)  Man Alive, having a location at 18900 Michigan Avenue. Suite G103 in Dearborn, Michigan  48126;

(d)  Man Alive, having a location at 18000 Vernier Road in Harper Woods, Michigan 48225.  Telephone (313) 526-8708;

(e)  Man Alive, having a location at 23000 Eureka Road in Taylor, Michigan  48180. Telephone (734) 374-2350;

(f) Man Alive, having a location at 3213 S. Linden Road in Flint, Michigan  48507. Telephone (810) 720-8211;

(g) Man Alive, having a location at 434 Briarwood Circle, F130 in Ann Arbor, Michigan 48108.  Telephone (734) 769-6329;

(h) Man Alive, having a location at 5448 W. Saginaw Highway in Lansing, Michigan 48917.  Telephone (517) 886-3977;

(i) Polly's Urban, having a location at 2780 Peck Street in Muskegon Heights, Michigan 49444.  Telephone (231) 733-0025; and

(j) Simply Casual, having a location at 19400 Livernois Avenue in Detroit, Michigan 48221.  Telephone (313) 864-7979.

See accompanying Thennisch Declaration which includes the Defendant's own website material which identifies and ascertains these third parties as the "retailers" for the Defendant, located in the State of Michigan.  In view of the fact that the Defendant itself has posted these Michigan entities as putative retailers or sellers of the Defendant's products, it is submitted that such discovery will better aid the Court in determining the issue of personal jurisdiction under the Michigan Long Arm Statute.

Lastly, Plaintiff also requests leave to seek similar third party discovery over Mr. Alan's based upon the accompanying Bishop Declaration.

**IV.    Conclusion**

Plaintiff respectfully requests that this Court exercise its discretion and permit limited discovery on the issue of the personal jurisdiction over the Defendant and the third party entities set forth above.  It is submitted that such discovery will better aid the Court in determining the issue of personal jurisdiction under the relevant Michigan Long Arm Statute.

Dated: June 10, 2010          s/Jeffrey P. Thennisch
                              Dobrusin & Thennisch, PC
                              Attorney for Plaintiff
                              29 W. Lawrence Street, Suite 210
                              Pontiac, Michigan 48342
                              Ph:  (248) 292-2920
                              Fx:  (248) 292-2910
                              jeff@patentco.com
                              P51499

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2010, I sent a copy of **PLAINTIFF'S MOTION AND BRIEF FOR LEAVE TO TAKE IMMEDIATE AND EXPEDITED DISCOVERY ON THE LIMITED ISSUES OF PERSONAL JURISDICTION OVER DEFENDANT** to the following e-mail addresses:

- Brian D. Okeefe -  bokeefe@hymanlippitt.com
- Daniel McCarthy - dmccarthy@hymanlippitt.com
- Donna Witinko - dwitinko@hymanlippitt.com
- Rebecca Stanley - rstanley@hymanlippitt.com

- Robert C. Brandenburg - rbrandenburg@brookskushman.com
- Robert C.J. Tuttle - rtuttle@brookskushman.com

/s/Jeffrey P. Thennisch
Attorneys for Plaintiff
Dobrusin & Thennisch, P.C.
29 W. Lawrence Street, Suite 210
Pontiac, MI 48342
Ph: (248) 292-2920
Fx: (248) 292-2910
jeff@patentco.com