UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PELLE PELLE, INC.,

    Plaintiff,

                                                          Case No. 10-11532
                                                          Hon. Lawrence P. Zatkoff

v.

BILLIONAIRE MAFIA, LLC,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 24, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [dkt 7]. Rather than file a direct response to Defendant's motion, Plaintiff filed a Motion to Expedite Discovery of Limited Issues of Personal Jurisdiction over Defendant [dkt 8]. The Court's September 7, 2010, order [dkt 17] granted Plaintiff's motion, allowing 30 days of discovery on the issue of personal jurisdiction. After conclusion of the discovery period, Plaintiff filed a response, and Defendant has replied to it. The motion to dismiss for lack of personal jurisdiction has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss for lack of personal jurisdiction be resolved on the briefs submitted. For the following

reasons, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

## II. BACKGROUND

Plaintiff designs and markets clothing nationally and internationally. In connection with its business, Plaintiff uses a mark consisting of the letter "M" superimposed on the letter "B", which represents the initials of Plaintiff's founder and owner, Marc Buchanan. Plaintiff represents that it holds United States Trademark application number 77/965,840 for this mark. Plaintiff filed this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, alleging that Defendant, also a clothing manufacturer, is infringing on Plaintiff's MB mark through the use of a similar mark involving the same letters.

After being served with the complaint, Defendant moved to dismiss, arguing that it was not subject to personal jurisdiction in the state of Michigan. Defendant is a limited liability company organized under Nevada law with its principal office in Las Vegas, Nevada. It operates a website, www.billionairemafia.com, which it uses to sell its clothing. To further evaluate Defendant's arguments, Plaintiff moved for additional discovery on the issue of jurisdiction, which this Court granted. When time for limited discovery came to a close, Plaintiff filed a response to Defendant's motion to dismiss, but asserted that Defendant's responses to Plaintiff's discovery requests were inadequate. Plaintiff requested additional time to conduct discovery and then file a supplemental brief to its response. Rather than address Defendant's motion to dismiss on the merits, the Court's December 7, 2010, order permitted Plaintiff and Defendant to file supplemental briefing. In accordance with the Court's order, Plaintiff has filed a supplemental brief to Defendant's motion to dismiss with the information that it has discovered thus far, again asserting that Defendant is

uncooperative, and Defendant has also filed a supplemental brief.[1] Based on the parties' papers, the Court finds that it has personal jurisdiction over Defendant.

### III. LEGAL STANDARD

**A.    Standard of Review**

With respect to a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), it is well-settled that a plaintiff bears the burden of establishing that personal jurisdiction exists in this Court. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *accord Am. Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir. 1988); *Weller v. Commwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

Once a defendant has filed a properly supported motion for dismissal, the plaintiff "may not stand on . . . [its] pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has [personal] jurisdiction [over the defendant]." *Theunissen*, 935 F.2d at 1458 (citing *Weller*, 504 F.2d at 930). In the typical case, once the defendant has filed a motion to dismiss for lack of personal jurisdiction, the plaintiff will file a factual response that, at a minimum, attempts to support the plaintiff's contention that the Court has personal jurisdiction over the defendant. At that stage of the proceedings, a court would have three options:

> [I]t may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.

---

[1] Plaintiff requests that it be allowed to supplement its supplemental brief if the Court does not find a prima facie case that Defendant is subject to the personal jurisdiction of this Court. For the foregoing reasons, the Court finds it unnecessary for Plaintiff to file an additional supplemental brief.

*Theunissen*, 935 F.2d at 1458 (citing *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Significantly, it is within the district court's discretion to decide the method it will employ in deciding the motion. *Theunissen*, 935 F.2d at 1458 (citations omitted). When, as in the present case, the Court permitted limited discovery, the plaintiff must establish that jurisdiction exists by a preponderance of the evidence. *Serras v. First Tennessee Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir. 1989). As such, the Court has examined the affidavits and briefs submitted to determine that Plaintiff has established by a preponderance of evidence that personal jurisdiction exists over Defendant.

**B.     Personal Jurisdiction**

Under Fed. R. Civ. P. 4(e), the Court must look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether personal jurisdiction exists in the case at bar. Mich. Comp. Laws § 600.715 provides, in pertinent part:

> The existence of any of the following relationships between an individual or his agent and the State shall constitute a sufficient basis of jurisdiction to enable a Court of record of this State to exercise limited personal jurisdiction over the individual and to enable the Court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1)  The *transaction of any business* within the State.
>
> (2)  The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.

(emphasis added). In *Sifers v. Horen*, 188 N.W.2d 623 (Mich. 1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in Mich. Comp. Laws § 600.715 "means just what it says." 188 N.W.2d at 623–24; *accord Green v. Wilson*, 565 N.W.2d 813, 816 (Mich. 1997). "It includes 'each' and 'every' [transaction] . . . . It comprehends the

'slightest'" contact. *Id*. at 624 n.2. *See also Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905–06 (6th Cir. 1988). "However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the due process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id.*

## IV. ANALYSIS

### A. Personal Jurisdiction is Authorized by Michigan Law

Plaintiff alleges that this Court has personal jurisdiction over Defendant. As set forth in Exhibit 3 to Plaintiff's response motion, Plaintiff's counsel was able to order a t-shirt with the alleged confusingly similar mark from Michigan through Defendant's website and had the t-shirt delivered to a Michigan address. And attached to Plaintiff's supplemental brief is Defendant's business account list. The account list shows that Defendant had accounts with twelve Michigan retailers prior to commencement of this action.

While Defendant argues that Plaintiff's counsel's purchase should not provide sufficient contacts to support personal jurisdiction because it was motivated by this litigation, Defendant cites no legal authority to support its assertion, and the Michigan Supreme Court has held that the transaction of any business is sufficient. *Sifers,* 188 N.W.2d at 624 n.2. Therefore, the Court concludes that Plaintiff's counsel's purchase of Defendant's t-shirt and the twelve Michigan accounts that Defendant maintained satisfies Mich. Comp. Laws § 600.715.

### B. Exercise of Personal Jurisdiction Would Not Offend Due Process

As the Sixth Circuit has recognized, however, the mere authorization of the laws of Michigan to exercise personal jurisdiction over a defendant is not enough. Rather,

> [i]n order to survive [Defendant]'s motion to dismiss, [Plaintiff is]

5

> required to present a prima facie case that the . . . court's exercise of personal jurisdiction would not offend due process. [Plaintiff] therefore must establish with reasonable particularity sufficient minimum contacts with Michigan so that the exercise of jurisdiction over [Defendant] would not offend "traditional notions of fair play and substantial justice."

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (citations omitted).

The relevant criteria for the due process considerations (the "*Mohasco* requirements") are:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Theunissen*, 935 F.2d at 1460 (quoting *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1299 (6th Cir. 1989), *cert. denied*, 494 U.S. 1056 (1990)) (citing *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

*1.     Purposeful Availment*

Based on the website operated by Defendant and the twelve accounts with Michigan retailers, the Court finds that Defendant purposefully engages in the marketing of its products to residents of Michigan. "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen*, 282 F.3d at 890 (citations omitted); *Portfolio Solutions, L.L.C. v. ETF Portfolio Solutions, Inc.*, No. 08-12751, 2009 WL 111908, at *2 (E.D. Mich. Jan. 15, 2009) (holding that a defendant purposely availed himself of the forum because his website allowed an individual to complete a questionnaire, receive feedback on that questionnaire, purchase an item directly, and submit payment through a web service).

Defendant maintains a website that sells products bearing the alleged confusingly similar

mark. The website can be accessed by residents of Michigan, and the website also lists retailers within Michigan. According to Plaintiff, a Michigan resident may place an order for Defendant's products, and make payment for the products through the charging of the resident's credit card. Defendant also admits in its response to Plaintiff's First Set of Requests to Admit that residents in Michigan have used its website to order such products. Therefore, the Court concludes that Defendant has purposefully availed itself of the privilege of acting in the forum state and causing consequences in the forum state. Accordingly, the first *Mohasco* requirement is satisfied.

## 2. *Cause of Action Connected to Michigan Activities*

Plaintiff's action is for unfair competition and trademark infringement based on Defendant's advertising, marketing, promoting, and selling of products bearing an alleged confusingly similar mark in at least the State of Michigan. According to Plaintiff, products bearing the mark were brought to a trade show in Livonia, Michigan, in which they were solicited for sale to residents of Michigan; Defendant maintains a highly interactive website where residents of Michigan can order, and have ordered, these products; and maintains business accounts with at least twelve Michigan retailers. Moreover, Plaintiff is incorporated under the laws of Michigan, and its primary office is located in Rochester Hills, Michigan. The alleged conduct committed by Defendant is harming Plaintiff in Michigan. Accordingly, the Court concludes that the second *Mohasco* requirement is satisfied.

## 3. *Substantial Connections*

The acts of Defendant and the consequences of its acts must have a substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable. *Air Prods. & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Defendant argues that the single t-shirt sale to Plaintiff's counsel is insubstantial. Defendant also argues that its

Midwest sales representative was not authorized to solicit sales of its products at the trade show in Michigan. According to the record, however, Defendant should have reasonably anticipated being haled into a Michigan court as a result of the alleged conduct in which it engaged. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (stating that "contacts with the forum proximately resulted from actions by the defendant [itself] that create a substantial connection with the forum state.") (internal citations omitted). Defendant's website offers products in Michigan, which are purchasable from the website, a document listing Defendant's business accounts contains at least twelve Michigan clothing retailers, and Defendant supplied products to its Midwest sales representative that were brought to a trade show in Michigan. The Court finds that Defendant's contacts are sufficient to create a substantial connection with Michigan. Despite Defendant's argument addressing whether its Midwest sales representative had the proper authority, the agreement between Defendant and its Midwest sales representative permits the sales representative "to sell Billionaire Mafia Merchandise" in the "Midwest," which the agreement notes includes Michigan. Accordingly, the Court finds that Defendant's acts are substantial enough connections with Michigan that the third *Mohasco* requirement is satisfied.

*4.   Conclusion*

For the reasons set forth above, the Court finds that Plaintiff has established by preponderance of the evidence that the Court's exercise of personal jurisdiction over Defendant would not offend due process. Accordingly, the Court denies Defendant's motion to dismiss on the basis of a lack of personal jurisdiction.

**C.   Transfer of Venue is Not in the Interest of Justice**

Pursuant to 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

or division where it might have been brought." "[A] district court 'has broad discretion to grant or deny [a] motion to transfer a case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)). The Court must give deference to the plaintiff's choice of forum, which is not disturbed "unless the balance is strongly in favor of the defendant." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). The moving party bears the burden of showing, by a preponderance of the evidence that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

Defendant requests that this Court transfer the action to the United States District Court for the District of Nevada. *See* 28 U.S.C. § 1391(b) (stating that venue is proper in a particular district "where any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred").

Therefore, to determine whether a motion to transfer venue pursuant to § 1404(a) should be granted, this Court must weigh the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) accessibility to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems of trying the case most expeditiously and inexpensively; and (7) the interests of justice. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994); *see Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (considering the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns" when ruling on a motion to transfer under § 1404(a)).

In support of Defendant's request, Defendant only states "since Billionaire Mafia has no contacts with the forum and its documents and witnesses are in Nevada, it is requested that if

jurisdiction is found, that transfer be made to the United States District Court for Nevada." The Court finds that this statement does not establish by a preponderance of evidence that Defendant's interests substantially outweigh Plaintiff's choice of forum.  Accordingly, because Defendant bears the burden to establish that a change of venue is warranted, Defendant's motion to  transfer venue pursuant to § 1404(a) is DENIED.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [dkt7] is DENIED.

IT IS FURTHER ORDERED that Defendant's request to transfer venue pursuant to § 1404(a)  is DENIED.

IT IS SO ORDERED.

                                    S/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 24, 2011.

                                    S/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290